IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DARNELL COOK, | No. CIV S-10-1365-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

1  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,
2  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
3  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
4  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
5  allege with at least some degree of particularity overt acts by specific defendants which support
6  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
7  impossible for the court to conduct the screening required by law when the allegations are vague
8  and conclusory.

9  Plaintiff names the following as defendants: Arnold Schwarzenneger; Susan
10 Hubbard; James Walker; Vince Mini; B. Donahoo; K. Williams; J.A. Lizarraga; D. Rios; J.
11 Baker; A. Masuret; Roberts; Abbitt; A. Martinez; B. Woodard; R. Mendoza; L. Warble; R.
12 Costa; Dr. Chen; and Mitchell.[1]  Plaintiff alleges:

> Correctional Lieutenant B. Donahoo illegally placed me in confined living conditions in administrative segregation unit (ASU) because of ethnicity of being African-American.  This is racial discrimination and arose of his authority as a Correctional Lieutenant under the color of authority as a state employee for the Department of Corrections and Rehabilitation in the State of California.  Lt. Donahoo acted in deliberate indifference on 01-19-10 until present date by placing and keeping plaintiff in ASU at CSP-SAC (New Folsom Prison).  Lt. Donahoo knew I was not involved in any rule violation.  He stated to plaintiff I'm confining you and I am going to find you guilty of the charges because I know about prison politics of a black man, and I just wasn't caught.  Lt. Donahoo also is aware of my mental disorders and by placing me in secure confinement has diminished my mental capacity to the point to whereas the plaintiff is now suffering from audio hallucination and hearing voices.  This is a violation of plaintiff's 42 U.S.C. 1983 civil and human rights secured under the American Disability Act by the 8th, 13th, and 14th Amendments of the United States Constitution, which caused Mr. Cook horrific damages that impaired his physical inability to care for himself.  Therefore, he had to be transferred to the mental health enhanced outpatient delivery system for a higher level of care.

---

[1]  Rios, Baker, Masuret, Roberts, Abbitt, Martinez, Woodard, Mendoza, Warble, Costa, Chen, and Mitchell are listed in the complaint as defendants but are not listed on the court's docket.  The Clerk of the Court will be directed to update the docket to reflect these named defendants.

1   Plaintiff seeks compensatory and punitive damages.

2          The complaint appears to state an equal protection claim against Donahoo arising from plaintiff's allegation that Donahoo placed him in administrative segregation simply because plaintiff is African-American. As to all other named defendants, the complaint does not state a claim. Specifically, plaintiff does not allege with any specificity what the other defendants did to cause or contribute to a constitutional violation. Plaintiff will be given an opportunity to amend.

       Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

       Because the complaint appears to otherwise state a cognizable claim against Donahoo, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that all other defendants be dismissed and such other orders as are necessary for this action to proceed as against Donahoo only.

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to update the docket to reflect that the following are named defendants: Rios, Baker, Masuret, Roberts, Abbitt, Martinez, Woodard, Mendoza, Warble, Costa, Chen, and Mitchell; and

2. Plaintiff may file an amended complaint within 30 days of the date of service of this order.

DATED: November 9, 2010

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE