IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DARNELL COOK, | No. CIV S-10-1365-LKK-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| DONAHOO, | |
| Defendant. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's motion to dismiss (Doc. 19). Defendant argues, among other things, that plaintiff failed to exhaust his administrative remedies prior to filing suit.

**I. STANDARDS FOR MOTION TO DISMISS**

A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b). See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the

pleadings and decide disputed issues of fact." Id. at 1119-20.  Where the court looks beyond the pleadings to a factual record in deciding the motion to dismiss, which is ". . . a procedure closely analogous to summary judgment," the court must assure that the plaintiff has fair notice of his opportunity to develop a record.  Id. at 1120 n.14 (referencing the notice requirements outlined in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).  Defendants bear the burden of establishing that the plaintiff failed to exhaust administrative remedies prior to filing suit.  See Wyatt, 315 F.3d at 1120.  If the court concludes that administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice.  See id. at 1120; see also Jones v. Bock, 127 S.Ct. 910 (2007).

## II.  DISCUSSION

Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit.  See 42 U.S.C. § 1997e(a).  This requirement is mandatory regardless of the relief sought.  See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)).  Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  The Supreme Court addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved by the defendants; (2) an individual named as a defendant does not necessarily need to be named in the grievance process for exhaustion to be considered adequate because the applicable procedural rules that a prisoner must follow are defined by the particular grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not all, claims are unexhausted.

/ / /

In this case, defendant submits evidence in the form of declarations from the relevant prison officials who oversee the appeals process indicating that plaintiff exhausted his inmate grievance through the final level of review on December 2, 2010 – six months after this lawsuit was filed. Because exhaustion did not precede the filing of the complaint, this action must be dismissed without prejudice.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that defendant's motion to dismiss (Doc. 19) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 23, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE